(27 App. Div. 621.)

TANNENBAUM et al. v. WISE et al.

(Supreme Court, Appellate Division, First Department.   March 11, 1898.)

PARTNERSHIP—FRAUDULENT CONVEYANCE.

> Where one partner assigns his interest in the partnership property to the other, with the concurrence of the partnership creditors, a transfer by the assignee to a third person, in discharge of a loan used to pay partnership debts, is not a fraud on the creditors.

Appeal from special term.

Action by L. Tannenbaum & Co. against Wise and others. From an order vacating a temporary injunction, plaintiffs appeal. Affirmed.

The following is the opinion of the court below (BEEKMAN, J.):

"The transfer of all the assets of the firm of Wise & Miller, made by the defendant Wise to the defendant Miller, was so made with the complete assent of all the creditors of the partnership, including the plaintiff. The assignment was absolute and unconditional in form, and contained a covenant on Miller's part by which he assumed the payment of the debts of the copartnership in exoneration of Mrs. Wise. The claim now advanced, that there was a collateral oral agreement that the property thus conveyed was to be held by Miller as a sort of trust fund with which to discharge such debts, is fully met by the opposing affidavits, which I prefer to credit, among other reasons, because, on a consideration of the surrounding facts and circumstances, and the general arrangement of which the transfer was a part, it is improbable that any such agreement would have been made. I have no doubt whatever that the money which Miller used in paying the creditors of Wise & Miller, pursuant to the composition made with them, was lent to him by his uncle, the defendant Darling, in entire good faith. He had a right to secure his uncle as he did. In so doing he was not using the property of Wise & Miller to discharge his individual debt. The property was his own, conveyed to him with the knowledge and assent of the plaintiff, who then stood in no better position towards it than any other creditor Miller might have. I fail to discover any adequate proof of fraud in the transfer made to Darling, or any equity in favor of the plaintiff at all superior to his. The allegation that the defendant Darling is insolvent or pecuniarily irresponsible is fully met by the answering affidavits. I am of the opinion, after a careful examination of all the papers, that the injunction should not be continued. Some of the defendants' affidavits are seriously defective in form, but, as these formal defects have been waived in writing by plaintiff's attorney, I have concluded to receive them. Motion denied, with ten dollars costs to abide the event, and temporary injunction vacated."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

F. Bien, for appellants.
B. H. Tabor, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the court below.